IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMANDA J. HERLING                                                                    PLAINTIFF

        v.                              Civil No. 07-5138

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                       DEFENDANT

## ORDER

      Plaintiff, Amanda Herling, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for period of disability, disability insurance benefits (DIB), and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423.

      The plaintiff's appeal brief states that plaintiff died on August 3, 2007, while committed to the Arkansas State Hospital, due to an apparent suicide by hanging. Plaintiff's counsel has also attached a copy of plaintiff's death certificate to her brief. In spite of this, however, counsel has failed to file a motion for substitution of parties.

      Rule 25 of the Federal Rules of Civil Procedure provides, in part, "Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." FED. R. CIV. P. 25(a)(1). The Advisory Committee Notes for this rule explain: "The amended rule establishes a time limit for the motion to substitute based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record, i.e. service of a statement of the fact of the death."

Id. As plaintiff's November 5, 2005, appeal brief is the first mention, on the record, of plaintiff's death, we believe that this date triggered the 90 day limit for substitution.

We note that the Social Security Act specifies, in priority order, a number of classes of people who have standing to pursue a deceased individual's Title II benefits claim. *See* 42 U.S.C. § 404(d) (Payment to survivors or heirs when eligible person is deceased). Supplemental Security Income is a needs-based program and the instances in which a Title XVI benefit amount is payable after the death of the recipient are also limited. *See* 42 U.S.C. § 1383(b)(1)(A) and 20 C.F.R. § 516.542(b). Benefits owed to a deceased recipient may be paid to a surviving eligible spouse or a surviving spouse who was living with the underpaid recipient within six months immediately preceding the month of death. 20 C.F.R. § 416.542(b)(2).

Plaintiff's counsel is hereby directed to review the record and provide the Court with the name of a suitable substitute for plaintiff on or before **April 28, 2008**. Thereafter, counsel is directed to file all appropriate motions.

It is ordered this 16th day of April 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE