IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GARY HERLING o/b/o
A.H.                                                                        PLAINTIFF

           v.                                   CIVIL NO. 07-5138

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                   DEFENDANT

## O R D E R

    Plaintiff Gary Herling, on behalf of A.H., appealed the Commissioner's denial of benefits to this court.   On June 3, 2008, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 16).  Plaintiff now moves for an award of $4,353.75 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 33.85 attorney hours of work before the court at an hourly rate of $125.00, and 1.50 paralegal hours at an hourly rate of $50.00, and $47.50 in expenses. (Doc. No. 17-18).  The defendant has filed a response, expressing an objection to awarding $47.50 in expenses. (Doc. No. 19).

    Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.   The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, we find plaintiff is a prevailing party

in this matter.

An award of attorney fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's

-2-

services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*,* quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir.1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A)*.* Plaintiff's counsel requests attorney fees under the EAJA at an hourly rate of $125.00. We find plaintiff's counsel entitled to compensation at this rate.

We next address the number of hours plaintiff's counsel claims she spent working on this case. Plaintiff's counsel seeks a total of 5.00 hours of work from June 16, 2007, through August 3, 2007. The Complaint was not filed in this court until August 7, 2007. (Doc No.1). We note,

-3-

time spent at the administrative level is not compensable under the EAJA.  *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984).  However, some of the time submitted on the above referenced dates was clearly in preparation for the filing of the Complaint with this court. Therefore, we will allow 2.00 hours. Accordingly, 3.00 attorney hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.30 hour on August 7, 2007, to review the court Order directing the clerk to file plaintiff's complaint and granting plaintiff motion to proceed *in forma pauperis*, from which we deduct 0.20 hour; and 0.30 hour on October 12, 2007, for reviewing the ECF notification verifying that the Affidavit of service had been filed, from which we deduct 0.25 hour. As plaintiff's counsel frequently represents social security claimants in this court, we find the time requested excessive. Accordingly, we deduct 0.45 attorney hour from the total number of compensable hours sought.

Plaintiff's counsel seeks 0.75 paralegal hour on August 15, 2007 (preparation of service of process letter for Attorney General; SSA Commissioner: and US Attorney), from which we deduct 0.75 paralegal hour; and 0.75 paralegal hour on October 12, 2007 (prepared affidavits of service for attorney signature), from which we deduct 0.75 paralegal hour. This time cannot be compensated under the EAJA.  *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, 1.50 paralegal hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks a total of 19.00 attorney hours for reviewing the transcript, researching and writing plaintiff's appeal brief.  The court notes there were no unique or complex

-4-

issues to be developed in this particular case regarding the preparation the brief on appeal. Plaintiff's counsel frequently represents social security plaintiff's before this court and should be well versed in social security law and we find that the time submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours submitted for the preparation of plaintiff's brief to 15.00 hours.

Finally, defendant argues that the $47.50 requested for regular postage, certified mail and photocopies should not be allowed under the EAJA. We disagree, such expenses are recoverable under the EAJA and we find $47.50 to be a reasonable award.  *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 26.40 (33.85-7.45) hours for attorney fees, at the rate of $125.00 per hour, and $47.50 in expenses for a total attorney fee award of $3,347.50.  This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future. Further, this award should be paid directly to plaintiff's counsel.  *Ratliff v. Astrue*, ---F.3d---, WL 4093013, 1 -2  (8th Cir. 2008).

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 19th day of September 2008.


/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)